1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8
9

Ignacio Romero Romero,

No. CV-15-02018-PHX-JJT (BSB)

10

Petitioner,

**REPORT AND**
**RECOMMENDATION**

11

v.

12

Charles L. Ryan, et al.,

13

Respondents.

14

15         On October 7, 2015, Petitioner Ignacio Romero Romero filed a Petition for Writ

16    of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  In their Answer, Respondents

17    assert that the Petition should be dismissed as untimely under the Anti-Terrorism and

18    Effective Death Penalty Act (AEDPA), which provides the statute of limitations

19    applicable to state prisoners seeking federal habeas corpus relief.    (Doc. 16.)

20    Alternatively, Respondents argue that a portion of Ground Two is procedurally defaulted

21    and barred from federal habeas corpus review.  (*Id.* at 15.)  Petitioner has not filed a reply

22    in support of his Petition and the deadline to do so has passed.  (*See* Doc. 8.)  As set forth

23    below, the Court recommends that the Petition be denied as untimely and does not reach

24    Respondents' alternative arguments.

25    **I.      Factual and Procedural Background**

26            **A.      Charges, Trial, and Sentencing**

27         On October 20, 1999, the State of Arizona charged Petitioner with one count each

28    of aggravated assault, kidnapping, child molestation, and sexual conduct with a minor,

each a class two felony and dangerous crime against children.  (Doc. 16, Ex. A.)  Following a trial, a jury found Petitioner guilty as charged.  (Doc. 16, Exs. B-E.)  On March 16, 2001, the trial court sentenced Petitioner to three consecutive prison terms of twenty-four years each for the convictions for aggravated assault, kidnapping, and molestation of a child.  (Doc. 16, Exs. F, EE.)  The court sentenced Petitioner to a consecutive term of twenty-seven years' imprisonment for the conviction for sexual conduct with a minor.  (*Id.*)

### B.   Direct Appeal

Petitioner appealed to the Arizona Court of Appeals and raised six claims for relief.  (Doc. 16, Ex. H.)  On February 5, 2002, the appellate court rejected Petitioner's claims and affirmed his convictions and sentences.  (Doc. 16, Ex. K.)  Petitioner sought review in the Arizona Supreme Court, which was denied on August 2, 2002.  (Doc. 16, Exs. L, M.)

### C.   Additional State Court Proceedings

#### 1.   First Post-Conviction Proceeding

On September 5, 2002, Petitioner, through counsel, filed a notice of post-conviction relief in the trial court pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.  (Doc. 16, Ex. N.)  Petitioner subsequently filed a petition.  (Doc.16, Ex. O.)  On June 5, 2003, the trial court denied relief.  (Doc. 16, Ex. R.)  Petitioner did not seek review in the Arizona Court of Appeals.  (Doc. 16 at 7.)

#### 2.   Petition for DNA Testing

On October 12, 2012, Petitioner, represented by the Arizona Justice Project, filed a petition for post-conviction DNA testing pursuant to Ariz. Rev. Stat. § 13–4240.  (Doc. 16, Ex. S.)  On October 31, 2012, the State filed a response.  (Doc. 16, Ex. T.)  On November 13, 2012, Petitioner filed a reply.  (Doc. 16, Ex. U.)  Following argument, the trial court ordered the release of evidence in Petitioner's case for DNA testing.  (Doc. 16, Exs. V, W.)  The test results showed that DNA on a bandana found at the crime scene matched Petitioner's DNA profile, and that Petitioner could not be excluded as the

individual who contributed the DNA found on the knife at the scene.  (Doc. 16, Ex. X.)
The results also showed that no DNA was detected on a vaginal swab or a green plastic
cup.  (*Id.*)  On November 27, 2013, the court dismissed the proceeding.  (Doc. 16, Ex. Y.)

### D.    Petition for Writ of Habeas Corpus

On September 15, 2015, Petitioner filed a petition for writ of habeas corpus in this
Court raising the following claims: (1) Petitioner's due process rights, right to a fair trial,
and the Arizona rules of discovery were violated when the trial court failed to comply
with *Brady* disclosure requirements (Ground One); (2) the trial and appellate courts
abused their discretion by denying Petitioner's motion for a new trial based on a
suggestive lineup and by precluding evidence that "the home of the alleged assault had in
its possession cut newspaper clippings of [Petitioner]" (Ground Two); (3) the prosecution
violated *Batson* by striking a fair and impartial juror based on his race and gender
(Ground Three); (4) there was insufficient evidence to convict Petitioner and he is
actually innocent of the charges (Ground Four); (5) the trial court improperly commented
on the evidence by instructing the jury that voluntary intoxication was not a defense
(Ground Five); (6) Petitioner was denied a fair trial and the appellate court erroneously
determined that there was no fundamental error based on the introduction into evidence
of enlarged color photographs of the victim's wounds (Ground Six).  (Doc. 1 at 5-10.)

Respondents argue that the Petition is untimely and that a portion of Ground Two
is procedurally defaulted and barred from federal habeas corpus review.  (Doc. 16.)  As
set forth below, the Court finds the Petition untimely and does not reach Respondents'
alternative arguments.

## II.    The AEDPA Statute of Limitations

### A.    Commencement of the Limitations Period

The AEDPA provides a one-year statute of limitations for state prisoners to file
petitions for writ of habeas corpus in federal court.   28 U.S.C. § 2244(d)(1).   The
limitations period generally commences on "the date on which the judgment became final
by the conclusion of direct review or the expiration of the time for seeking such review."

28 U.S.C. § 2244(d)(1)(A).     However, under certain circumstances, the statute of limitations commences on a different date, including "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed," "the date on which the constitutional right asserted was initially recognized by the Supreme Court," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A)-(D).  The Petition does not include any allegations indicating that these subsections apply.  Thus, the statute of limitations commenced on the date Petitioner's convictions became final by the conclusion of direct review.  *See* 28 U.S.C. § 2244(d)(1)(A).

After his trial and sentencing, Petitioner pursued direct review in the Arizona Court of Appeals and the Arizona Supreme Court.  (Doc. 16, Exs. G, K, L, M.)  The Arizona Supreme Court denied review on August 2, 2002.   (Doc. 16, Ex. M.)  Accordingly, Petitioner's convictions become final ninety days later, on October 31, 2002, upon the expiration of the time for Petitioner to file a petition for writ of certiorari in the United States Supreme Court.  *See Porter v. Ollison*, 620 F.3d 952, 958-59 (9th Cir. 2010) (stating that "[w]hen, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is 90 days after the decision of the state's highest court."); *see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (the time for seeking direct review under § 2244(d)(1)(A) "includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition"); *see also* Sup. Ct. R. 13.1 (a petition for writ of certiorari to review a judgment entered by a state's highest court must be filed in the United States Supreme Court within ninety days after entry of the judgment).  Accordingly, unless tolling applies, the statute of limitations began running on November 1, 2002, and expired one year later.

### B.    Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Post-conviction review is "pending," and thus the statute of limitation tolls, while a prisoner is pursuing habeas relief in the state court.  *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002); *Delhomme v. Ramirez*, 340 F.3d 817, 819-20 (9th Cir. 2003), *abrogated on other grounds by Evans v. Chavis*, 546 U.S. 189 (2006).  The period in which a habeas petition is pending includes the time between a lower court's adverse ruling and the prisoner's filing of a notice of appeal, so long as the filing comports with state law timeliness requirements.  *Chavis*, 546 U.S. at 191.  An untimely petition, however, is not "properly filed" pursuant to 28 U.S.C. § 2244(d)(2), and so it does not toll the statute of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005); *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

As previously stated, Petitioner's convictions became final on October 31, 2002. However, prior to that date, Petitioner filed a notice of post-conviction relief on September 5, 2002.  (Doc. 16, Ex. N.)  Therefore, the limitations period, which would have commenced on November 1, 2002, was immediately tolled by the earlier-filed notice of post-conviction relief.  *See* 28 U.S.C. § 2244(d)(2); *Isley v. Ariz. Dep't of Corrs.*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) (in Arizona, statutory tolling begins when a Rule 32 notice of post-conviction relief is properly filed).  The statute of limitations remained tolled while this post-conviction proceeding was pending in state court.  *See* 28 U.S.C. § 2244(d)(2).  On June 5, 2003, the trial court dismissed the post-conviction proceeding.  (Doc. 16, Ex. R.)  Under the Arizona Rules of Criminal Procedure, Petitioner had thirty days, plus an additional five days for mailing, or until July 10, 2003, to file a petition for review.  Ariz. R. Crim. P. 1.3; *see State v. Savage*, 573 P.2d 1388, 1389 (Ariz. 1978) (holding Rule 1.3 applies to petitions for review in post-conviction proceedings); *see also State v. Rabun*, 782 P.2d 737, 739 (Ariz. 1989) (reaffirming the

1    holding in *Savage*).  Petitioner did not file a petition for review.  Therefore, at the latest,

2    Petitioner's post-conviction proceeding was no longer pending as of July 10, 2003.  Thus,

3    the limitations period commenced on July 11, 2003 and expired one year later on July 11,

4    2004.

5          Assuming that the petition for DNA testing constitutes post-conviction or other

6    collateral review for purposes of § 2244(d), that proceeding did not toll the limitations

7    period because it was commenced on October 12, 2012, after the limitations period had

8    expired.  (Doc. 16, Ex. S); *see Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

9    (holding that "section 2244(d) does not permit the re-initiation of the limitations period

10   that has ended before the state petition was filed.").  Therefore, the statute of limitations

11   expired on July 11, 2004.  Because the Petition was not filed until October 7, 2015, it is

12   untimely unless Petitioner establishes that equitable tolling or an exception to the statute

13   of limitations applies.

14          **C.     Equitable Tolling or Exception to the Statute of Limitations**

15          The AEDPA limitations period may be equitably tolled because it is a statute of

16   limitations, not a jurisdictional bar.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).

17   Generally, "a litigant seeking equitable tolling bears the burden of establishing two

18   elements: (1) that he has been pursuing his rights diligently, and (2) that some

19   extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418

20   (2005).  The petitioner bears the burden of showing that this extraordinary circumstance

21   was the "cause of his untimeliness."  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)

22   (citations omitted).  When a prisoner fails to show "any causal connection" between the

23   grounds upon which he asserts a right to equitable tolling and his inability to timely file a

24   federal habeas petition, equitable tolling is not warranted.  *Gaston v. Palmer*, 417 F.3d

25   1030, 1034-35 (2005).  The petitioner must also show that his untimeliness was caused

26   by an external impediment and not by his own lack of diligence.  *Bryant v. Arizona Atty*

27   *Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (concluding that equitable tolling was not

28   warranted when petitioner was not diligent because he did not seek state court relief for

six years, or take advantage of available paralegal assistance).  As discussed below, Petitioner has not established that equitable tolling applies.

### 1.        Lack of Resources and Legal Knowledge

Petitioner asserts that he lacks resources to hire an attorney and that he does not understand the law.  (Doc. 1 at 12, 24-25.)  Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period.  "[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'"  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (9th Cir. 1999)).  Petitioner's ignorance of the law and indigent status do not distinguish him from the great majority of inmates pursuing habeas corpus relief.  Such circumstances are not extraordinary and do not justify tolling the limitations period.  "If limited resources, lack of legal knowledge, and the difficulties of prison life were an excuse for not complying with the limitation period, the AEDPA's limitation period would be meaningless since virtually all incarcerated prisoners have these same problems in common." *Bolanos v. Kirkland*, 2008 WL 928252, at *4 (E.D. Cal. Apr. 4, 2008); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims nor petitioner's inability to correctly calculate the limitations period were extraordinary circumstances warranting equitable tolling).

As set forth above, Petitioner has not established that an extraordinary circumstance prevented him from filing a timely petition for writ of habeas corpus in this Court.  Moreover, even if an extraordinary circumstance existed, Petitioner is not entitled to equitable tolling because he has not shown that he has been diligently pursuing his rights. *See Pace,* 544 U.S. at 418.  Petitioner's first post-conviction proceeding was commenced in a timely manner.  However, after the trial court dismissed that proceeding Petitioner did not seek appellate review.  Rather, Petitioner waited more than eight years

1    before initiating further state court proceedings, a petition for DNA testing, and then

2    waited nearly two years after the conclusion of that proceeding before seeking relief in

3    this Court.   (Docs. 16, Exs. R, S; Doc. 1.)   Considering the length of time between

4    Petitioner's state court proceedings, and the additional time between his last state

5    proceeding and the filing of the pending habeas petition, Petitioner has not diligently

6    pursued his rights and, therefore, is not entitled to equitable tolling.  *See Pace*, 544 U.S.

7    at 419 (concluding that a petitioner was not entitled to equitable tolling when he "waited

8    years, without any valid justification, to assert" his claims in state court and then waited

9    "five more months" after proceedings finished in state court before seeking relief in

10   federal court).   Accordingly, the Petition should be dismissed as untimely unless

11   Petitioner establishes that an exception to the limitations period applies.

12                              **2.       Actual Innocence Exception**

13            Liberally construing the Petition, Petitioner asserts a claim of actual innocence to

14   avoid the statute of limitations.  (Doc. 1 at 8, 12.)   In *McQuiggin v. Perkins*, ___ U.S.

15   ___, 133 S. Ct. 1924, (2013), the United States Supreme Court recognized an exception

16   to the AEDPA statute of limitations for a claim of actual innocence.   The Court adopted

17   the actual innocence gateway previously recognized in *Schlup v. Delo*, 513 U.S. 298,

18   314-15 (1995), for excusing the bar to federal habeas corpus review of procedurally

19   defaulted claims.   *McQuiggin*, 133 S. Ct. at 1928 (citing *Schlup*, 513 U.S. at 937-38.)

20   The rule announced in *McQuiggin* does not provide for an extension of the time

21   statutorily prescribed, but instead is an equitable exception to § 2244(d)(1).  *McQuiggin*,

22   133 S. Ct. at 1931.  Actual innocence, if proven, merely allows a federal court to address

23   the merits of a petitioner's otherwise time-barred constitutional claims; the Supreme

24   Court has not yet addressed whether "a freestanding claim of actual innocence" provides

25   a separate basis for granting habeas relief.  *Id.*

26            To pass through the *Schlup* gateway, a "petitioner must show that it is more likely

27   than not that no reasonable juror would have convicted him in the light of the new

28   evidence."   *Schlup*, 513 U.S. at 316.   "*Schlup* requires a petitioner 'to support his

allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial.'"  *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (quoting *Schlup*, 513 U.S. at 324).  Petitioner has not presented new evidence and has not shown that failure to consider his claims will result in a fundamental miscarriage of justice. (Doc. 1.)  Thus, he has not met *Schlup's* high standard and this exception does not excuse his untimely filing.

**III.    Conclusion**

Because Petitioner filed his Petition after the expiration of the AEDPA statute of limitations, and equitable tolling or an exception to the limitations period do not apply to excuse the untimely filing, the Petition should be dismissed as untimely.  Therefore, the Court does not consider Respondents' alternative arguments for denying habeas corpus relief.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  The parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and

Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

Dated this 2nd day of June, 2016.

Bridget S. Bade
United States Magistrate Judge